UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

|  |  |
|---|---|
| IN RE:<br><br>JARED E FINEMAN<br>SARAH B FINEMAN<br><br><br>Debtors | Chapter 13<br>Case No. 26-11328-AMC |
| BRIDGECREST CREDIT COMPANY, LLC<br>AS SERVICER FOR CARVANA, LLC<br><br>Movant<br><br>v.<br><br>JARED E FINEMAN<br>SARAH B FINEMAN<br>        (Debtors)<br><br>SCOTT F. WATERMAN<br>        (Trustee)<br><br>Respondents | Hearing Date: July 15, 2026 @ 11:00 AM<br><br>Response Deadline: July 8, 2026 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND FOR ENTRY OF ORDER WAIVING THE PROVISION OF FED. R. BANKR. P. 4001(a)(4)**

NOW COMES Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC, a secured creditor in the above-captioned bankruptcy case, by its counsel, Orlans Law Group PLLC, as and for a motion pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(a)(4), seeking an Order granting relief from the Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2024 Nissan Sentra and states the following as grounds therefore:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and § 157(a) and 11 U.S.C. § 362(d). Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. On March 31, 2026, the Debtors, above-named, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

3. Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC (the "Creditor") is a secured creditor and the holder of a duly perfected security interest in one (1) 2024 Nissan Sentra VIN No. 3N1AB8CV2RY341037 (the "Vehicle") pursuant to a Retail Installment Contract and Security Agreement (the "Contract"), a retail installment contract between the Debtors and Carvana, LLC (the "Seller"), entered into on May 14, 2025, whereby the Debtors agreed to pay a total of $31,500.17 in 77 monthly payments of $405.00 and 1 monthly payment of $315.17 each in connection with the purchase of the Vehicle. The Vehicle is owned by, and upon information and belief is in the possession and control of the Debtors. True and correct redacted versions of the Contract and Proof of Lien Perfection are attached as Exhibits "A" and "B", respectively.

4. Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of such party in interest.

5. As of June 17, 2026, the net total balance due on the obligation to Creditor was $21,723.53.

6. As of June 17, 2026, the Debtors are in default of the payment obligations to the Creditor pursuant to the terms and conditions of the Contract/Lease as follows:

   a. The post-petition monthly payment is $405.00;

b. Post-Petition arrears are due in the amount of $1,215.00 for the months of April 14, 2026 through June 14, 2026, together with contractual late charges;

c. The next post-petition monthly payment of $405.00 is due on July 14, 2026; and

d. The foregoing does not represent any amount which may be due for costs and attorneys' fees as may be allowed by the Court.

7. That Creditor has ascertained that the clean retail value of the Vehicle is $20,525.00 based on J.D. Power Used Car Guide's estimated value of the Vehicle estimated value of the Vehicle. A copy of the J.D. Power Guide for valuation of the Vehicle is attached hereto as Exhibit "C."

8. Upon information and belief, there is no other encumbrance affecting the Vehicle, and there is no other collateral securing the indebtedness.

9. Upon information and belief, the Debtors continue to enjoy the use and possession of the Vehicle subjecting same to normal occupational wear and tear thereby causing of the Vehicle to depreciate in value. It is respectfully submitted that the continued use of the Vehicle shall eventually render it useless thereby causing Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC irreparable damage to its interests in same.

10. It is respectfully asserted that the Creditor's interest in the Vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

11. Accordingly, sufficient cause exists to grant the Creditor relief from the automatic stay.

12. The Creditor is also entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(2) because Debtors have no equity in the Vehicle and the Vehicle is not necessary for an effective reorganization.

WHEREFORE, the Creditor, Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC, respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d), either:

a.  Granting the Creditor relief from the automatic stay in order to obtain possession and dispose of the Vehicle, the entry of which order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(4); and

b.  For such other and further relief as the Court may deem just and proper.

Date:  June 22, 2026

Respectfully Submitted,

*/s/ Garrett M. Wilson*_____
Garrett M. Wilson, Esq. PA 338633
Elizabeth A. Trachtman, Esq. PA 333427
Michele M. Bradford, Esq. PA 69849
Orlans Law Group PLLC
Attorney for Bridgecrest Credit Company,
LLC as Servicer for Carvana, LLC
200 Eagle Road, Bldg 2, Suite 120
Wayne, PA 19087
(484) 367-4191
Email: etrachtman@orlans.com
gwilson@orlans.com
mbradford@orlans.com
File Number: 26-006423